## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

vs.

**SEGUNDO AGUERO SABLAN,**
DOB: 10/09/1994

Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CRIMINAL CASE NO. **CF0723-17**
GPD REPORT NO. 17-36039
CRIMINAL CASE NO. **CM0175-20**
GPD REPORT NO. 20-12322
CRIMINAL CASE NO. **CF0237-21**
GPD REPORT NO. 20-31732/21-09092/21-07161

DECISION AND ORDER GRANTING
THE PEOPLE'S MOTION TO REVOKE
DEFENDANT'S PROBATION

## **INTRODUCTION**

This matter came before the Honorable Maria T. Cenzon on May 9, 2024, for a Revocation Hearing on the People of Guam's ("the People") Motion to Revoke Defendant Segundo Aguero Sablan's ("Defendant") Probation and Impose Jail Sentence (the "Motion"). Defendant is represented by Assistant Alternate Public Defender Tyler S. Scott for CF0237-21 and Assistant Public Defender Zachary C. Taimanglo for CF0723-17 and CM0175-17, and Assistant Attorney General Charles B. Carsey represents the People. After the hearing, the Court took the Motion under advisement pursuant to CVR 7.1(e)(6)(D) of the LOCAL RULES OF THE SUPERIOR COURT OF GUAM. After reviewing the People's Motion and the Defendant's Opposition, oral arguments from the parties, and the applicable statutes and case law, the Court now issues this Decision and Order **GRANTING** the People's Motion.

//

## PROCEDURAL AND FACTUAL BACKGROUND

**A. Defendant's Global Plea in CF0723-17 and CM0175-20 and his violations thereafter**

On June 15, 2021, the Defendant entered a global plea agreement for CF0723-17 and CM0175-20, wherein he plead guilty to the following offenses: (1) for CF0723-17, Illegal Possession of a Schedule II Controlled Substance (As a Third Degree Felony); and (2) for CM0175-20, Harassment (As a Misdemeanor). The Court sentenced the Defendant to three (3) years imprisonment at the Department of Corrections, Mangilao, all suspended, with credit for time served. Additionally, the Court sentenced the Defendant to concurrent sentences of supervised probation: five (5) years in CF0723-17 and two (2) years in CM0175-20. Among the conditions of probation, notable provisions were: no contact[1] with the named Victim in this matter, *Pauleen Pablo* ("Victim"); attendance and participation in court-ordered counseling and treatment with Guam Behavioral Health and Wellness Center ("GBHWC");[2] reporting once a month to probation; no possession of drugs and alcohol and submitting to drug testing; obey all laws of Guam; and a fine totaling five thousand two hundred fifty dollars ($5,250.00) and one hundred sixty dollars ($160.00) in court costs.[3]

Subsequently, during his probation for CF0723-17 and CM0175-20, the Defendant would accrue *nine (9)* violations of probation. The Probation Services Division ("Probation") lodged a First Violation Report against the Defendant on July 1, 2021, sixteen (16) days after his Change of Plea. Probation reported that the Victim signed a declaration stating that the Defendant attempted to contact her on two (2) occasions through a third-party. *See* First

---

[1] The "no contact" or "stay away" orders generally prohibit a defendant from coming to any contact with a named victim, both physically and other means, e.g., third-parties or social media.

[2] Defendant was ordered to attend twenty-four (24) recovery support meetings.

[3] Defendant's fine in CF0723-17 amounted to two thousand dollars ($2,000.00), which all but seven hundred fifty dollars ($750.00) could be converted to community service at the prevailing minimum wage. Defendant's fine in

Violation Report (July 1, 2021). The Court issued a Warrant of Arrest, which returned on August 5, 2021. Additionally, Probation lodged a Second Violation Report on September 7, 2021, reporting that Defendant was charged in CF0237-21 on August 11, 2021. On September 9, 2021, before taking the Defendant's guilty plea in CF0237-21, the Court addressed the First Violation Report, to which the Defendant admitted to contacting the Victim for the purpose of ensuring that the children attended Defendant's mother's funeral. The Court admonished the Defendant to comply with the conditions of probation and to use legal and appropriate means of contacting the children. The Court released the Defendant and ordered him to report to Probation the next day.

Probation lodged a Third Violation Report against the Defendant on October 22, 2021, for failing to submit a drug urinalysis when he reported on September 10, 2021, and had not reported since then. The Court issued its Warrant of Arrest on November 15, 2021, and it returned on December 22, 2021. The Court addressed the violation on January 27, 2024, where the Court admonished the Defendant to complete the terms of his probation, including reporting to Probation and reporting to the Client Services and Family Counseling Division ("CSFC") as ordered.[4] The Court sanctioned the Defendant for time served since the return of warrant and ordered the Defendant to report to Probation immediately following the hearing.

A Fourth Violation Report was lodged against the Defendant on February 14, 2022, for failing to obey the laws of Guam in a new charge for CF0095-22.[5] On April 3, 2023, a Fifth

---

CM0175-20 amounted to two hundred dollars ($200.00). Court costs for each case individually amounted to eighty dollars ($80.00), hence the one hundred sixty dollar ($160.00) total.

[4] Reporting to CSFC is an included order in the concurrent case CF0237-21.

[5] The charges here are: Illegal Possession of a Schedule II Controlled Substance with Intent to Deliver (As a First Degree Felony), Two Counts of Illegal Possession of a Schedule II Controlled Substance (As a Third Degree Felony), Possession of a Firearm without a Valid Firearms Identification Card (As a Third Degree Felony), and Possession of an Unregistered Firearm (As a Third Degree Felony). Currently, the case is post-adjudication and is awaiting revocation of probation as well.

Violation Report was lodged against the Defendant for failing to report to Probation as ordered, having last reported on February 15, 2023. Additionally, on the same day, a Sixth Violation Report was lodged for failing to make payment toward his fines and court costs. On May 11, 2023, a Seventh Violation Report was lodged for failing to refrain from contacting the Victim through text messages, telephone, and through contact with the Victim's father. The Court would issue its Warrant of Arrest on May 16, 2023, which returned on September 21, 2023.

Prior to the return of the Warrant of Arrest, an Eighth Violation Report was lodged for failing to refrain from contacting the Victim when she saw the Defendant at a Mobil gas station while making a delivery. Despite her attempts to ignore the Defendant, the Defendant made attempts to converse with the Victim and waited outside the gas station in front of the Victim's car. A Ninth Violation Report was lodged against the Defendant for failing to refrain from contacting the Victim through collect calls from the Department of Corrections and a third party. Despite attempts by the Victim to change phone numbers, the Defendant attempted communication at her place of employment.

## B. Defendant's guilty plea in CF0237-21 and his violations thereafter[6]

On September 9, 2021, in CF0237-21, the Defendant plead guilty to the offense of Unauthorized Use of a Motor Vehicle (As a Misdemeanor) via an Information. The Defendant was sentenced to one (1) year imprisonment at the Department of Corrections, Mangilao, all suspended, with credit for time served. Additionally, the Defendant was sentenced to one (1) year probation. Among the standard release conditions of probation, notable conditions include reporting to Probation once a month in person, reporting to CSFC for intake and assessment,

---

[6] Because many of the violations in this matter where concurrently addressed with CF0723-17 and CM0175-21, only Defendant's violations in CF0237-21 will be enumerated here.

submission to drug and alcohol testing, payment of courts costs of eight dollars ($80.00), and one hundred fifty (150) hours of community service.

Subsequently, during his probation for CF0237-21, the Defendant would accrue four (4) violations of probation. On November 4, 2021, Probation lodged a First Violation Report against the Defendant for the following: failing to report to Probation, having last reported on September 10, 2021; failing to report to CSFC for intake and processing; failing to make progress on community service hours; failing to make progress on payment of court costs; and failing to submit to drug and alcohol testing. On February 14, 2022, a Second Violation Report was lodged for Defendant's new charge in CF0095-22. On July 1, 2022, a Third Violation Report was lodged for the following: failing to make progress on community service; failure to make progress on court costs; and failing to attend his CSFC appointment of February 9, 2022, since being in custody for CF0095-22. On July 17, 2023, a Fourth Violation Report was lodged for the same reasons as the First Violation Report, having last reported to Probation on February 15, 2023.

Across the three cases before this Court, the Defendant has accrued a total of *thirteen (13)* violations of probation.

## DISCUSSION

Guam law specifies the procedures that the Court must follow for revocation of probation. The relevant statute, in its entirety, states as follows:

> [T]he court, if satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed as a condition of the order may revoke the suspension or probation and sentence or re-sentence the offender. Violation of a condition shall not result in revocation, however, unless the court determines that revocation under all the circumstance then existing will best satisfy the ends of justice and the best interests of the public.

9 GCA § 80.66(a)(2).

The process for revoking an offender's probation has been further explained by the Guam Supreme Court as follows:

> Probation revocation is a two-step process. First, the trial court must make a factual determination that a violation of probation actually has occurred. If a violation is proven, then the Court must determine if the violation warrants revocation of the probation.

*People of Guam v. Camacho*, 2009 Guam 6 ¶ 27 (internal citations omitted).

To revoke a defendant's probation, evidence and facts presented to the Court must be "reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation." *Id.* At ¶ 30 (citing *People v. Angoco*, 1998 Guam 10).

The Court also cannot order revocation unless the offender is provided with written notice of grounds for revocation of probation. 9 GCA § 80.68(a). At the hearing, the offender shall "have the right to hear and controvert the evidence against him, to offer evidence in his defense and to be represented by counsel." *Id.* Should the Court revoke an offender's probation, "it may impose on the offender any sentence that might have been imposed originally for the crime of which he was convicted." 9 GCA § 80.66(b).

## A. The Court determines that a violation of probation has occurred.

Pursuant to the first *Camacho* prong, the Court first turns to make a factual determination of whether a violation of probation has occurred. There are no factual disputes that a violation of Defendant's probation has occurred. Defendant has failed to comply with the conditions of his release, including regularly reporting to Probation as ordered, reporting to CSFC for intake and assessment, submitting to ordered drug and alcohol testing, and making progress toward paying court costs and toward his community service hours. The Defendant was charged with a new offense in CF0095-22 while on probation and has plead guilty in said case. What is most concerning to the Court are the repeated violations for contacting the Victim

in CM0175-20, which have been supported by signed declarations by the Victim. For these reasons, the Court determines that the first *Camacho* prong is satisfied.

**B. The Court determines that revocation of probation is warranted.**

Pursuant to the second *Camacho* prong, the Court next turns to determine whether revocation of Defendant's probation is warranted. In making this determination, the Court must resolve whether "revocation under all the circumstance. . .will best satisfy the ends of justice and the best interests of the public." 9 GCA § 80.66(a)(2).

Upon review of the record, the Court finds a history of Defendant's non-compliance with the conditions set by this Court and pursuant to the Plea Agreements he has agreed to follow. Since entering probation, the Defendant has consistently failed to report to Probation, causing this Court to issue warrants for his arrest to return him to compliance. The Defendant has not made any progress toward completing his community service hours nor has he made progress on paying his court costs. The Defendant has failed to report to CSFC for intake and processing, which would have availed the Defendant any necessary treatment services. The Defendant was also charged with a new offense in CF0095-22 while on release, in which the Defendant has plead guilty.

Of great concern to this Court is the repeated contact with the Victim despite the Court's stay away orders to the contrary. The Defendant has attempted to contact the Victim through a third party;[7] has attempted to contact the Victim via text messaging, telephone, and contacted the Victim's father;[8] through physical contact while she was fulfilling work obligations;[9] and has attempted contact through collect calls at the Department of Corrections,

---

[7] *See* First Violation Report (June 16, 2021) in CM0175-20.
[8] *See* Seventh Violation Report (May 11, 2023) in CM0175-20.
[9] *See* Eighth Violation Report (July 31, 2023) in CM0175-20.

through a third party, and contacting the Victim at her place of employment.[10] All these violations have been supported by written declarations by the Victim. The Court issues stay away orders as a condition of probation for the protection of victims. Defendant's repeated violations of the stay away orders are manifest of the Defendant's refusal to comply with these Court's orders and serve to place the Victim at risk of further harm. Therefore, pursuant to the second *Camacho* prong and 9 GCA §§ 80.66(a)(2), the Court finds that revocation of probation is appropriate in the interest of justice and the protection of the public, most especially the Victim in this case.

## CONCLUSION

For the reasons set forth above, the Court hereby **GRANTS** the People's Motion to Revoke Defendant's Probation and Impose Jail Sentence. The Court shall issue a Judgment of Revocation on separate cover.

SO ORDERED this 5th day of August, 2024.

**HONORABLE MARIA T. CENZON**
Judge, Superior Court of Guam

---

[10] *See* Ninth Violation Report (Feb. 15, 2024) in CM0175-20.